| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>Court Address:  1437 Bannock Street, Room 256, Denver, CO 80202<br>Telephone:      (720) 865-8301 | DATE FILED: November 9, 2015 12:21 PM<br>FILING ID: 6845B472A48A5<br>CASE NUMBER: 2015CV33920 |
| Plaintiff**:**     **DEBRA BROWN**<br><br>Defendant:   **WALGREENS COMPANY d/b/a WALGREENS a/k/a WALGREENS HEALTH INITIATIVES** | ∆   **COURT USE ONLY**   ∆ |
| *Attorneys for Plaintiff:*<br>       Gregory A. Gold, #26064<br>       Sommer D. Luther, #35053<br>       The Gold Law Firm, L.L.C.<br>       7375 E. Orchard Rd., Ste. 300<br>       Greenwood Village, CO 80111<br>Phone No.:   (303) 694-4653<br>Fax No.:      (303) 468-6155<br>Email:        greg@thegoldlawfirm.net<br>              sommer@thegoldlawfirm.net | Case No.:<br><br>Division: |
| **COMPLAINT FOR DAMAGES** ||

Plaintiff, Debra Brown, by and through her counsel of record, for her Complaint against Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff, Debra Brown, is, and at all times relevant hereto was, a resident of the City of Elbert, State of Colorado.

2.      Defendant Walgreens Company d/b/a Walgreens a/k/a Walgreens Health Initiatives (hereinafter "Walgreens") is a foreign corporation licensed to business, and doing business, in the State of Colorado.

3.      Defendant Walgreens owns and operates a store located at 7392 McLaughlin Road, Falcon, Colorado 80831 (hereafter "the Premises") that is commonly

**EXHIBIT A**

known as Walgreens and carries out the principal business activities of that store in the County of El Paso, State of Colorado.

4. The registered agent for Walgreens is The Corporation Company in the County of Denver, State of Colorado.

5. Defendant Walgreens is and at all times relevant hereto was a landowner of the Premises, as defined under the Colorado Premises Liability Statute, C.R. S. §13-21-115.

6. On or about November 16, 2013, Plaintiff Debra Brown ("Plaintiff") was a patron at the subject Walgreens store and as such was an *invitee* on the Premises as invitee is defined by C.R.S. § 13-21-115.

7. While walking through the store, Plaintiff slipped and fell inside of he store on a wet liquid substance that was on the floor.

8. The wet liquid substance created a dangerous condition on the Premises.

9. Walgreens knew, or should have known, of the wet liquid substance on the floor and should have taken steps to protect invitees against the dangerous condition on its Premises or to warn invitees of the dangerous condition on the Premises.

10. Walgreens failed to use reasonable care to protect invitees against the dangerous condition on the Premises or to warn invitees of the dangerous condition on the Premises.

11. As a direct and proximate result of her fall, Ms. Brown has suffered permanent injuries and damages, including but not limited to, severe personal injuries, mental anguish, pain and suffering, permanent disability, loss of enjoyment of life and other non-economic damages, along with physical impairment and disfigurement.

12. As a further direct and proximate result of her fall, Ms. Brown has incurred reasonable and necessary medical bills, hospital bills, bills for medications, and expenses for therapeutic treatment, loss of past income and impairment of future earning capacity and in the future will continue to incur such bills, costs, expenses and other economic damages.

13. Jurisdiction and venue are proper in Denver County, pursuant to C.R.C.P. 98 (c) because Defendant Walgreens is a nonresident of the State of Colorado.

## FIRST CLAIM FOR RELIEF
### (Premises Liability, C.R.S. 13-21-115)

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13 above, as though fully set forth herein.

15. Walgreens invites the public to transact business at the Premises.

16. Ms. Brown was at the above-referenced Walgreens on November 16, 2013, as an invitee.

17. Walgreens knew, or should have known, about the wet liquid substance on the floors inside of the store.

18. Walgreens failed to use reasonable care to protect against or to warn of the danger created by the wet liquid substance on the floor.

19. Ms. Brown was injured when she slipped on the wet liquid substance on the floor and fell to the ground.

20. Walgreen's failure to use reasonable care to protect against or to warn of the dangerous condition was a cause of Ms. Brown's injuries and damages.

21. As a direct and proximate result of her fall, Ms. Brown has suffered permanent injuries and damages, including but not limited to, severe personal injuries, mental anguish, pain and suffering, permanent disability, loss of enjoyment of life and other non-economic damages and physical impairment and disfigurement.

22. As a further direct and proximate result of her fall, Ms. Brown has incurred reasonable and necessary medical bills, hospital bills, bills for medications, and expenses for therapeutic treatment, loss of past income and impairment of future earning capacity and in the future will continue to incur such bills, costs, expenses and other economic damages.

WHEREFORE, the Plaintiff, Debra Brown, requests that the Court enter judgment in her favor, awarding costs as are allowed by law, including expert witness fees, filing fees, prejudgment interest from the date of the incident, post judgment interest and all other fees, costs and damages as allowed and permitted by law.

Respectfully submitted this 9th day of November, 2015.

        The Gold Law Firm, LLC

        By: /s/ *Sommer D. Luther*
        Gregory A. Gold, #26064
        Sommer D. Luther, #35053
        *Attorneys for Plaintiff*
        The Gold Law Firm
        7375 E. Orchard Road, Suite 300
        Greenwood Village, CO 80111
        (303)694-4653

**Plaintiff's Address**
12485 McCune Road
Elbert, Colorado 80106